# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| SAUL MADRID<br>    FED. REG. NO. 31958-177 | CIVIL ACTION NO. 10-1423<br>SECTION P |
| VERSUS | |
| | JUDGE MINALDI |
| JOSEPH P. YOUNG | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Saul Madrid, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the United States District Court for the Western District of Louisiana on September 10, 2010. Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), is currently incarcerated at the Federal Corrections Institute, Oakdale,(FCI-O) Louisiana. He seeks credit against his federal sentence for time spent in the custody of the State of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

The pleadings and exhibits filed by petitioner establish the following relevant facts:

1.    Petitioner was arrested by State of Texas law enforcement officials on December 30, 2003, for drug charges;

2.    On January 30, 2004, the United States Marshals Service (USMS) obtained temporary custody of the petitioner from the State of Texas via a writ of *habeas corpus ad*

*prosequendum*;

3. On July 9, 2004, petitioner's federal sentence was imposed. He was ordered to serve 151 months imprisonment. The judgment was silent with regard to whether it was to be served consecutive or concurrently with any state charges;

4. On August 2, 2004, petitioner was returned to the custody of the State of Texas;

5. On January 5, 2005, the State of Texas imposed a 20 year term of incarceration and applied credit from December 29, 2003 forward to the date of his state sentence parole;

6. On March 16, 2006, petitioner was paroled from his state sentence into the custody of the USMS and he commenced serving his 151 month federal sentence;

7. On October 1, 2009, the federal sentencing court expressed its intent for petitioner's 151 month sentence to run consecutively with his state sentence;[1]

8. On September 10, 2010, petitioner filed the instant petition.

In the petition, petitioner alleges that the December 30, 2003, federal detainer prevented him from bonding out on his state charge. He states that he was denied credit on his federal sentence for the 191 days from December 30, 2003 (detainer date) to the July 9, 2004 federal sentencing. He also claims that he is entitled to an additional credit of 601 days towards his federal sentence for the time that he was held in state confinement awaiting to be taken by the federal authorities. In support, he states that his federal sentence began to be served the very instant that he was sentenced in federal court. Accordingly, he seeks a total credit of 792 days.

## *Law and Analysis*

1. *18 U.S.C. §3585.*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas*

---

[1] It should be noted that petitioner appealed his sentence computation via the BOP's administrative remedy process. His request was denied at each level. (Doc. 1, Att. 2, pp. 1-2 & Doc. 1, Att. 2, p. 6). In fact, as per petitioner's request, the BOP conducted a review pursuant to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), and determined that petitioner's sentence was executed appropriately. (Doc. 1, Att. 2, p. 6).

*corpus* provides the appropriate remedy. See *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. *United States v. Wilson*, 503 U.S. 329, 332, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> <u>that has not been credited against another sentence.</u> (Emphasis supplied).

Petitioner was taken into custody by Texas officials on December 30, 2003. Other than the temporary custody obtained by United States Marshals Service (USMS) for sentencing, he remained in the custody of Texas officials until his March 16, 2006 parole. Petitioner was given credit against his Texas sentence for all of the time he served in custody beginning December 30, 2003 and ending on the date he was released to federal custody – March 16, 2006. Under the plain language of the above cited statute, he cannot obtain credit against his federal sentence for time served prior to March 16, 2006, because he has already received that benefit with respect to

his Texas sentence. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

### *Conclusion and Recommendation*

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States and therefore his petition for *habeas corpus* must be dismissed for failing to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 31st day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

-4-